IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:13CR337-1 |
| | : | 1:14CR_14_-1 |
| v. | : | |
| | : | |
| IDER VAZQUEZ MATOS, | : | |
| also known as "The Cuban," | : | |
| "I.D.," "Cono," and "Compa" | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, IDER VAZQUEZ MATOS, in his own person and through his attorney, Robert A. Broadie, and state as follows:

1. The defendant, IDER VAZQUEZ MATOS, is presently under Superseding Indictment in case number 1:13CR337-1, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), as to object one, conspiracy to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and as to object two, conspiracy to distribute quantities of a mixture and substance containing a detectable amount of marijuana; Count Two charges him with a violation of Title 18, United States Code, Section 1952(a)(3), interstate transportation in aid of racketeering; and Count Three charges him with a violation of Title 21, United States

Code, Section 843(b), use of a communication facility for drug trafficking.

2. The defendant, IDER VAZQUEZ MATOS, understands that the United States will also file an Information in case number 1:14CR 4 -1, which charges him with violations of Title 31, United States Code, Section 5332(a)(1) and Title 18, United States Code, Section 2, bulk cash smuggling and aiding and abetting, respectively.

3. The defendant, IDER VAZQUEZ MATOS, will enter a voluntary plea of guilty to object one of Count One of the Superseding Indictment in case number 1:13CR337-1 and the Information in case number 1:14CR 4 -1. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, IDER VAZQUEZ MATOS, understands as to object one of Count One of the Superseding Indictment herein that he shall be sentenced to a term of imprisonment of not less than ten years, or more than life, a fine not to exceed $10,000,000.00, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

2

b.  The defendant, IDER VAZQUEZ MATOS, further understands that the maximum term of imprisonment provided by law for the Information herein is not more than five years, and the maximum fine for the Information herein is $250,000.00.  If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, IDER VAZQUEZ MATOS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process.  The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

c.  The defendant, IDER VAZQUEZ MATOS, also understands that as to the Information herein the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

d.  The defendant, IDER VAZQUEZ MATOS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above.  The sentencing Court is not bound by the sentencing range prescribed by the United

States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, IDER VAZQUEZ MATOS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, IDER VAZQUEZ MATOS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

4. By voluntarily pleading guilty to object one of Count One of the Superseding Indictment herein and the Information herein, the defendant, IDER VAZQUEZ MATOS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the

4

witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

5. The defendant, IDER VAZQUEZ MATOS, is going to plead guilty to object one of Count One of the Superseding Indictment herein and the Information herein because he is, in fact, guilty and not because of any threats or promises.

6. The extent of the plea bargaining in these cases is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, IDER VAZQUEZ MATOS, as to object one of Count One of the Superseding Indictment herein and to the Information herein, the United States of America will not oppose a motion to dismiss object two of Count One and Counts Two and Three of the Superseding Indictment herein, as to the defendant, IDER VAZQUEZ MATOS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. The defendant, IDER VAZQUEZ MATOS, agrees that the substance involved in the offense alleged in object one of Count One of the Superseding Indictment herein for which he is accountable is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

c. It is understood that if the Court determines at the time of sentencing that the defendant, IDER VAZQUEZ MATOS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

d. The United States of America and the defendant agree and stipulate that there is a sufficient factual basis to support the material allegations contained in the Information herein.

e. It is further agreed that the defendant, IDER VAZQUEZ MATOS, will waive in open court prosecution by indictment and consent to be charged in an information.

7. The defendant, IDER VAZQUEZ MATOS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of

minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, IDER VAZQUEZ MATOS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, IDER VAZQUEZ MATOS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

7

This the 23rd day of January, 2014.

RIPLEY RAND  
United States Attorney

ROBERT A. BROADIE  
Attorney for Defendant

Sandra J. Hairston  
SANDRA J. HAIRSTON  
NCSB #14118  
Assistant United States Attorney

IDER VAZQUEZ MATOS  
Defendant

    P. O. Box 1858  
    Greensboro, NC 27402

    336/333-5351

8