```
3   UNITED STATES OF AMERICA     )   CASE NOs. 1:13CR337-1
                                 )             1:14CR4-1
4           vs.                  )
                                 )   Winston-Salem, North Carolina
5   IDER VAZQUEZ MATOS           )   January 23, 2014
    _____   11:08 a.m.
6

7

8               TRANSCRIPT OF THE CHANGE OF PLEA HEARING
              BEFORE THE HONORABLE THOMAS D. SCHROEDER
9                   UNITED STATES DISTRICT JUDGE

10

11  APPEARANCES:

12  For the Government:        SANDRA HAIRSTON, AUSA
                               Office of the U.S. Attorney
13                             101 S. Edgeworth Street, 4th Floor
                               Greensboro, North Carolina 27401
14

15  For the Defendant:         ROBERT A. BROADIE, ESQ.
                               CAROLINA LEGAL SOLUTIONS
16                             2807 Earlham Place
                               High Point, North Carolina 27263
17

18  Court Reporter:            BRIANA NESBIT, RPR
                               Official Court Reporter
19                             P.O. Box 20991
                               Winston-Salem, North Carolina 27120
20

21  Interpreter:               DR. ERNEST LUNSFORD

22

23

24       Proceedings recorded by mechanical stenotype reporter.
25        Transcript produced by computer-aided transcription.
```

Case 1:13-cr-00337-TDS   Document 84   Filed 09/10/14   Page 1 of 30

P R O C E E D I N G S

1

2      (The Defendant was present.)

3           **THE COURT:**  Good morning Ms. Hairston.

4           **MS. HAIRSTON:**  Your Honor, we will call the United

5   States of America versus Ider Vazquez Matos in Cases

6   1:13CR337-1 and 1:14CR4-1.  Mr. Vazquez is represented by

7   Mr. Robert Broadie.  Dr. Lunsford is present as the

8   interpreter.  A written plea agreement has been filed in this

9   case, Your Honor -- in these cases, rather.

10          **THE COURT:**  Thank you.  Dr. Lunsford, good morning to

11  you.

12          **THE INTERPRETER:**  Good morning, Your Honor.

13          **THE COURT:**  If you would, Ms. Solomon, let's

14  administer the oath to Dr. Lunsford.

15      (The Interpreter was sworn.)

16          **THE COURT:**  Mr. Broadie, good morning to you.

17          **MR. BROADIE:**  Good morning, Your Honor.

18          **THE COURT:**  Mr. Matos, good morning to you, too, sir.

19          Are you ready to proceed, Mr. Broadie?

20          **MR. BROADIE:**  I am, Your Honor.

21          **THE COURT:**  I think the first matter of business is

22  we have an information in one of these cases.  It's 1:14CR4-1,

23  I believe; is that correct?

24          **MR. BROADIE:**  That's correct, Your Honor.

25          **THE COURT:**  Do you have a waiver of indictment?

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **MR. BROADIE:**  I do, Your Honor.

2          **THE COURT:**  Has that been executed yet?

3          **MR. BROADIE:**  Your Honor, it has not.  It's always

4    been my practice –– I thought the Court would have my client do

5    it in open court.

6          **THE COURT:**  All right.  We'll do that in just a

7    minute.  Let me go ahead and handle a few preliminary matters,

8    and then we'll administer the oath to your client and then

9    we'll proceed from there.

10         Have you had sufficient time, Mr. Broadie, to review

11   the file in this case?

12         **MR. BROADIE:**  I have, Your Honor.

13         **THE COURT:**  And I should say in both of these cases.

14         **MR. BROADIE:**  Yes, sir.

15         **THE COURT:**  Do you believe that the defendant

16   understands the charges that are pending against him and the

17   nature of our hearing here today?

18         **MR. BROADIE:**  I do, Your Honor.

19         **THE COURT:**  Does he wish to enter a plea of guilty?

20         **MR. BROADIE:**  He does, Your Honor.

21         **THE COURT:**  My understanding is he is intending to

22   plead guilty to Count One, Object One, of the superseding

23   indictment and also to plead guilty to an information; is that

24   correct?

25         **MR. BROADIE:**  That is correct, sir.

USA v. Ider Matos  –– Plea hearing  –– 1/23/2014

1   **THE COURT:**  Did anybody make any threats or promises
2 to induce the plea other than those that are contained in the
3 plea agreement?

4   **MR. BROADIE:**  No, Your Honor.

5   **THE COURT:**  Do you recommend that I accept it?

6   **MR. BROADIE:**  I do, sir.

7   **THE COURT:**  Based on your representation of
8 Mr. Matos, is it your brief that he is offering his plea here
9 today knowingly and voluntarily?

10   **MR. BROADIE:**  It is, Your Honor.

11   **THE COURT:**  Thank you.  Ms. Solomon, please
12 administer the oath to Mr. Matos.

13    (The defendant was duly sworn.)

14   **THE COURT:**  Mr. Matos, do you understand you are now
15 under oath and, if you answer any of my questions falsely, your
16 answers may later be used against you in another prosecution
17 for perjury or for making a false statement?

18   **THE DEFENDANT:**  Yes.

19   **THE COURT:**  What is your full name, please?

20   **THE DEFENDANT:**  Ider Vazquez Matos.

21   **THE COURT:**  How old are you, sir?

22   **THE DEFENDANT:**  Fifty-one.

23   **THE COURT:**  How far did you attend in school?

24   **THE DEFENDANT:**  Through university.

25   **THE COURT:**  Can you read and understand English?

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1    **THE DEFENDANT:**  I can speak it a little bit but read

2  very little.

3    **THE COURT:**  All right.  Have you had the superseding

4  indictment against you translated for you in your native

5  language?

6    **THE DEFENDANT:**  It wasn't translated, but I have

7  discussed it with my lawyer.  I took it with me, and I went

8  through it with some people who helped me, and I also looked up

9  some of the terminology.  And, yes, I was able to understand

10  it.

11    I want you to understand that this is the first time

12  that I've ever been in this sort of situation.  It's very

13  difficult to understand it all, but the most important thing

14  is, yes, I did understand it, and I accept the responsibility.

15    **THE COURT:**  All right.  So you have had the

16  superseding indictment translated for you in your native

17  language through either an interpreter or other people working

18  with you; is that correct?

19    **THE DEFENDANT:**  No, not interpreters, but people who

20  speak both English and Spanish.

21    **THE COURT:**  All right.  Have you satisfied yourself

22  that you have fully read the superseding indictment with the

23  aid of persons who could translate it for you?

24    **THE DEFENDANT:**  The superseding one is the second

25  document?

USA v. Ider Matos  —— Plea hearing  —— 1/23/2014

1          **THE COURT:**  It is the most current indictment.

2          **THE DEFENDANT:**  The most current one, yes.

3          **THE COURT:**  All right.  Have you had your plea

4    agreement translated for you in your native language?

5          **THE DEFENDANT:**  It hasn't been translated in written

6    form, but, yes, I have read it.

7          **THE COURT:**  All right.  Has it been translated in

8    verbal form for you?

9          **THE DEFENDANT:**  Yes, Your Honor.

10         **THE COURT:**  And were you able to fully understand

11   your plea agreement when it was translated for you?

12         **THE DEFENDANT:**  Yes.

13         **THE COURT:**  All right.  Have you been treated

14   recently for any addiction to a narcotic drug?

15         **THE DEFENDANT:**  No, Your Honor.

16         **THE COURT:**  Have you been treated recently for any

17   mental illness?

18         **THE DEFENDANT:**  No, Your Honor.

19         **THE COURT:**  And you do not appear to me to be under

20   the influence of any substance, and I do know you have been in

21   custody, but I must ask you whether you are currently under the

22   influence of any alcoholic beverage, any drug, or any

23   medication?

24         **THE DEFENDANT:**  No, Your Honor.

25         **THE COURT:**  All right.  Now, do you have a copy of

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1   the waiver of indictment, Mr. Broadie?

2         **MR. BROADIE:** I do, Your Honor.

3         **THE COURT:** All right. If you would present that to

4   your client and have him execute that if he wishes, and then I

5   will ask him some questions about that.

6      (Pause in the proceedings.)

7         **MR. BROADIE:** He has executed it.

8         **THE COURT:** All right. If you would hand that up,

9   please.

10        Mr. Matos, I have before me a document entitled

11   "Waiver of an Indictment." It appears to bear your signature.

12   Did you just now sign this document?

13         **THE DEFENDANT:** Yes, Your Honor.

14         **THE COURT:** And did you have the document translated

15   for you before you signed it so that you could fully understand

16   it?

17         **THE DEFENDANT:** Yes, Your Honor.

18         **THE COURT:** Do you understand that you have two

19   different cases that are before you at this time? One is this

20   case in which there is a superseding indictment, that is, Case

21   1:13CR337-1, and the other is a case where there is a bill of

22   information, that is, Case Number 1:14CR4-1. Do you understand

23   that, sir?

24         **THE DEFENDANT:** Yes, Your Honor.

25         **THE COURT:** Now, do you understand that in the Case

1 1:14CR4-1 that the government is proceeding at this time with

2 what is known as a bill of information, which is a charge by

3 the prosecutor?  Do you know that?

4         **THE DEFENDANT:**  Yes, Your Honor.

5         **THE COURT:**  Do you understand that in the bill of

6 information you are being accused of a crime, that is, a

7 violation of Title 31 of the U.S. Code, Section 5332(a)(1) and

8 Title 18 of the U.S. Code, Section 2?  Do you understand that?

9         **THE DEFENDANT:**  Yes, Your Honor.

10        **THE COURT:**  Do you understand that the crime charged

11 in the bill of information carries a potential term of

12 imprisonment for more than a year?

13        **THE DEFENDANT:**  Yes, Your Honor.

14        **THE COURT:**  Do you understand that you have the right

15 to demand that the government proceed to a grand jury and

16 present its case to a grand jury and ask the grand jury whether

17 or not it determines there is probable cause to return an

18 indictment against you?  Do you understand that you have that

19 right if you wish to enforce it?

20        **THE DEFENDANT:**  Yes, Your Honor, I do understand.

21 Yes, I told the prosecuting attorney that I was the one who did

22 that.

23        **THE COURT:**  All right.  Well, my question here is

24 just a little different.  You have executed a document, which

25 is -- purports to waive your right to force the government to

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

proceed with an indictment and, instead, to allow the
government to proceed at this time with a bill of information.

My question is do you understand that you do have the
right, if you wish to enforce it, to require the government to
go to a grand jury with the charge that's in the bill of
information to ask the grand jury whether or not it determines
there is probable cause to return an indictment?  Do you
understand that?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  And do you understand that by executing
the waiver of indictment, you are waiving your right to require
the government to proceed first to a grand jury to see if it
will return an indictment?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  Have you discussed with Mr. Broadie the
merits of whether you should waive or not waive your right to
an indictment?

**THE DEFENDANT:**  Yes, I have discussed it.

**THE COURT:**  And are you waiving your right to
prosecution by an indictment and consenting instead to
prosecution by the bill of information?

**THE DEFENDANT:**  Yes, Your Honor.

**THE COURT:**  All right.  I will find that the waiver
of indictment is knowingly and voluntarily made.

**THE DEFENDANT:**  Yes.

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **THE COURT:**  Did anybody force you to sign the waiver

2    of indictment?

3          **THE DEFENDANT:**  No, not at all.

4          **THE COURT:**  All right.  Did you receive a copy of the

5    superseding indictment that is pending against you?

6          **THE DEFENDANT:**  The copy?  Oh, yes, yes.

7          **THE COURT:**  Did you receive a copy of the bill of

8    information that's pending against you?

9          **THE DEFENDANT:**  Yes, I have a copy here of the last

10   document.

11         **THE COURT:**  All right.  You might, Dr. Lunsford, take

12   the microphone and perhaps bend it toward you instead of

13   Mr. Matos because it's more important that I hear your

14   translation as we go forward today.

15         Mr. Broadie, if you could put before Mr. Matos a copy

16   of the superseding indictment and the bill of information.

17         And, Mr. Matos, I am going to ask you, now that

18   Mr. Broadie has put before you a copy of the superseding

19   indictment and the bill of information, have you received a

20   copy of each of those?

21         **THE DEFENDANT:**  Yes, I have them in front of me right

22   now.

23         **THE COURT:**  All right.  And have you read both of

24   those with your attorney?

25         **THE DEFENDANT:**  Yes.

1          **THE COURT:**  Do you understand the superseding

2  indictment and the bill of information and the charges that are

3  pending against you?

4          **THE DEFENDANT:**  Yes.

5          **THE COURT:**  Have you fully discussed the charges

6  contained in the superseding indictment and the bill of

7  information as well as your case in general with your attorney?

8          **THE DEFENDANT:**  Yes, he has visited me on several

9  occasions.

10          **THE COURT:**  Have you had sufficient time to speak

11  with your attorney about your cases?

12          **THE DEFENDANT:**  Yes.

13          **THE COURT:**  Are you satisfied that you have fully

14  explored all the options available to you in your cases with

15  your attorney?

16          **THE DEFENDANT:**  I don't have very much legal

17  knowledge, but I have talked with him quite a bit about my

18  case.

19          **THE COURT:**  And my question is are you satisfied that

20  you have explored all of your options up to this point in time?

21          **THE DEFENDANT:**  Yes, Your Honor.

22          **THE COURT:**  Are you fully satisfied with the services

23  that Mr. Broadie has provided as your attorney and the advice

24  that he has given you in your cases?

25          **THE DEFENDANT:**  Yes.

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **THE COURT:**  All right.  Now, I have a written plea

2   agreement.  Do you have a copy, Mr. Broadie?

3          **MR. BROADIE:**  I do, Your Honor.

4          **THE COURT:**  Would you turn to the last page, please,

5   sir.

6          Mr. Matos, Mr. Broadie has put before you a copy of

7   your plea agreement that's dated today.  Is that your signature

8   on page 8?

9          **THE DEFENDANT:**  Yes, Your Honor.

10          **THE COURT:**  Did you read and fully understand this

11   document with the aid of an interpreter before you decided to

12   sign it?

13          **THE DEFENDANT:**  Yes, Your Honor.

14          **THE COURT:**  At this time I am going to ask

15   Mr. Broadie to review the key terms of your plea agreement with

16   all of us.  Please listen carefully, Mr. Matos.  When

17   Mr. Broadie finishes, I am going to turn back to you and ask

18   you whether or not you agree with what he says about your plea

19   agreement.  My goal is to make a determination of whether I

20   believe you understand your plea agreement, and I will ask you

21   some questions about that.  So please listen carefully.

22          Mr. Broadie, if you would do that for us, please.

23          **MR. BROADIE:**  Thank you, Your Honor.

24          Your Honor, Mr. Matos is pleading guilty to Object

25   One of Count One in the superseding indictment as well as the

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1 information that has just been filed before the Court,

2 understanding that the statutory sentences for Object One,

3 Count One of the indictment is a term of imprisonment of not

4 less than 10 years and no more than life, or a fine not

5 exceeding $10 million or both.

6          Your Honor, he understands that a term for Count One,

7 Object One, of supervised release may also be imposed in this

8 matter, Your Honor.  Additionally, he understands that the

9 maximum term of imprisonment for the information is not more

10 than 5 years and no more than a 250,000-dollar fine or both or

11 twice the pecuniary gain loss by anyone.

12          He also understands that, Your Honor, if he is not a

13 citizen of the United States that entering this plea may have

14 adverse consequences to him with respect to his immigration

15 status.

16          He also understands that he's pleading guilty because

17 he is, in fact, guilty and no one has threatened him to enter

18 that.  He also has been advised of his rights to a criminal

19 trial in this matter; and, additionally, Your Honor, he also

20 understands that he's subject to a 100-dollar special

21 assessment, and if the Court finds that he otherwise is

22 applicable for a three-point decrease pursuant to the statute,

23 he may be considered for that, understanding that the one point

24 is at the Court's discretion pursuant to a recommendation made

25 by the United States attorney.

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1           I think, Your Honor, that will sum up the general

2   terms of the plea agreement.

3           **THE COURT:**  And I think the plea agreement, paragraph

4   3(a), provides for a term of supervised release of not less

5   than 5 years as to Count One, Object One, and not more than 3

6   years as to the information; is that correct?

7           **MR. BROADIE:**  That is correct, Your Honor.

8           **THE COURT:**  All right.  Does the plea agreement

9   contain all the terms and conditions of your agreement with the

10  government on behalf of your client in this case?

11          **MR. BROADIE:**  It does, Your Honor.

12          **THE COURT:**  Thank you.  Mr. Matos, you've now heard

13  Mr. Broadie review the principal terms of your plea agreement.

14  Is that, in fact, your understanding of your plea agreement?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  Do you understand the terms of your plea

17  agreement?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  Does your plea agreement represent the

20  entire agreement between you and the government in these two

21  cases?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  Have you had sufficient opportunity to

24  read the plea agreement and to discuss it with your attorney?

25          **THE DEFENDANT:**  Yes, Your Honor.

USA v. Ider Matos  —— Plea hearing  —— 1/23/2014

1          **THE COURT:**  Do you have any questions at this time

2     either for Mr. Broadie, and you can speak with him privately,

3     if you need to, or for me about any portion of your plea

4     agreement?

5          **THE DEFENDANT:**  No, Your Honor.  I would just like to

6     thank you for giving me this chance.

7          **THE COURT:**  Do you understand that in your plea

8     agreement the government has agreed to make a recommendation to

9     the Court in paragraph 6(c).  The recommendation is that if you

10    qualify for what is known as acceptance of responsibility and

11    if your offense level, as we calculate it under the U.S.

12    Sentencing Guidelines, is 16 or greater, then in that case the

13    government will recommend to the Court an additional one-level

14    decrease in the calculation of your offense level?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  Do you understand that is only a

17    recommendation that the Court is not bound to follow?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  Do you understand that if the Court were

20    to reject the recommendation, that it could do that without

21    permitting you to withdraw your plea?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  If the Court were to do that, do you

24    understand that it could impose a sentence that may be more

25    severe than you may have hoped for?

       USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          THE DEFENDANT:  Yes, I understand that.

2          THE COURT:  Has anybody made any threats or promises

3    to you other than those that are contained in your plea

4    agreement in an effort to persuade you to plead guilty here

5    today?

6          THE DEFENDANT:  No, Your Honor.

7          THE COURT:  Did anybody in any way attempt to force

8    you to plead guilty against your own wish?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Do you understand that as a result of

11    your guilty plea, you may be deported from the United States?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  It is my understanding the defendant is

14    not a citizen of the United States; is that correct?

15          MR. BROADIE:  That is.  Your Honor, he has a --

16          THE DEFENDANT:  Yes, I'm a political refugee.

17          MS. HAIRSTON:  He is Cuban born, Your Honor.

18          THE COURT:  I just wanted to make sure about the

19    advising of other rights.

20          Mr. Matos, I want to review with you now the maximum

21    penalties that are provided for in your case if I accept your

22    plea.  You are pleading guilty to Count One, Object One, of the

23    superseding indictment and the bill of information.  As to

24    Count One, Object One, of the superseding indictment, which

25    charges a conspiracy to commit a drug offense, the maximum

1  penalties are as follows:

2       A period of imprisonment for not less than 10 years,

3  that is, there is a mandatory minimum of 10 years of

4  imprisonment, up to a maximum of life; a fine of not more than

5  $10 million, or twice the gross gain or loss caused by the

6  violation, whichever is larger; a period of supervised release

7  of not less than 5 years -- in other words, there is a

8  mandatory minimum period of supervised release of 5 years -- up

9  to a maximum of life; the Court can order forfeiture, the

10 payment of restitution; there is a special assessment of $100;

11 and there is no probation or suspended sentence.

12       Do you understand those penalties as to that charge?

13       **THE DEFENDANT:**  Yes, Your Honor.

14       **THE COURT:**  Now, as to the bill of information, which

15 charges bulk cash smuggling in violation of Title 31 of the

16 U.S. Code, Section 5332, and aiding and abetting, the maximum

17 penalties are imprisonment for not more than 5 years, a fine of

18 not more than $250,000, or twice the gross gain or loss,

19 whichever is larger, a period of supervised release of not more

20 than one year, the Court can order forfeiture of property

21 involved in the offense and any property traceable to that

22 property, and the count also carries a special assessment of

23 $100.

24       Do you understand those penalties as to the bill of

25 information?

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  Now, do you understand that with respect

3  to the penalty of supervised release that I mentioned in both

4  of those charges, that following any term of imprisonment, you

5  will be placed on a period of supervision by the Court; and if

6  you violate any condition of your supervision, you can be sent

7  back to prison for a period of time?

8          **THE DEFENDANT:**  Yes, I understand, Your Honor.

9          **THE COURT:**  Do you understand all of the possible

10  penalties and consequences of your plea of guilty today?

11          **THE DEFENDANT:**  Yes, I understand them.

12          **THE COURT:**  Now, I have just described to you the

13  various penalties that can be imposed in your case.  It will be

14  up to the Court to determine your sentence, which will occur at

15  a later date.

16          Under the United States Sentencing Reform Act of

17  1984, the U.S. Sentencing Commission has created what are known

18  as sentencing guidelines and policy statements that the Court

19  must consider when it does determine your sentence.  Do you

20  understand that?

21          **THE DEFENDANT:**  Yes, Your Honor.

22          **THE COURT:**  I cannot determine your sentencing

23  guideline range until the U.S. probation office prepares a

24  written report, called a presentence report, in your case.  Do

25  you understand that?

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  Once the report is prepared, you will

3    have the opportunity to review it with Mr. Broadie, and you can

4    lodge any objection you may have to the report, including any

5    objection you may have to the calculation of the U.S.

6    sentencing guideline range that is recommended by the probation

7    office?  Do you understand that?

8          **THE DEFENDANT:**  Yes, Your Honor.

9          **THE COURT:**  Do you understand that the sentencing

10   guideline range that the Court adopts for your case at your

11   sentencing hearing may be different from any guideline range

12   that Mr. Broadie, or anyone else, may have suggested to you?

13         **THE DEFENDANT:**  Yes, Your Honor.

14         **THE COURT:**  Do you also understand that the sentence

15   the Court imposes at your sentencing may be different from any

16   estimate that Mr. Broadie, or anybody else, may have provided

17   to you?

18         **THE DEFENDANT:**  Yes, Your Honor.

19         **THE COURT:**  Do you understand that once the Court

20   determines your guideline range at sentencing, it is not

21   required to follow it because the guidelines are not binding on

22   the Court; rather, the Court must consider the guideline range,

23   along with all the sentencing factors in Title 18 of the U.S.

24   Code in Section 3553(a), when the Court determines your

25   sentence?  Do you understand?

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  Do you understand that the Court does

3    have the authority to impose a sentence that is more severe or

4    less severe than the sentence that the guidelines recommends?

5          **THE DEFENDANT:**  Yes, Your Honor.

6          **THE COURT:**  Do you understand that parole has been

7    abolished in the U.S. prison system; so if you are sentenced to

8    prison, you will not be released on parole?

9          **THE DEFENDANT:**  Yes, I do understand.

10          **THE COURT:**  Do you understand that you or the

11   government may have the right to appeal any sentence imposed in

12   your case?

13          **THE DEFENDANT:**  Yes, Your Honor.

14          **THE COURT:**  Let me review with you now, Mr. Matos,

15   your rights that you presently enjoy under the United States

16   Constitution.

17          As you stand before the Court, as you are at this

18   time, and before I accept any plea that you may offer, you

19   enjoy the right to plead not guilty to any or all of the

20   charges that are pending against you.

21          You have the right to demand -- rather, you have the

22   right to persist as well in your plea of not guilty.  You have

23   the right also to demand that your case be tried by a jury.  At

24   any trial, you would be presumed to be innocent, and the

25   government would bear the burden of proving your guilt beyond a

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1  reasonable doubt.  That means that the government must prove
2  each and every element of each of the crimes you are charged
3  with beyond a reasonable doubt before you could be found guilty
4  of that crime.
5          Do you understand?
6          **THE DEFENDANT:**  Yes, Your Honor.
7          **THE COURT:**  You also have the right to the assistance
8  of a lawyer and, if necessary, to have the Court appoint a
9  lawyer at trial and at every other stage of the proceedings
10 against you.  You have the right to see and hear all of the
11 witnesses, you have the right to confront them, and you or
12 Mr. Broadie would have the right to cross-examine the
13 witnesses.
14         Do you understand?
15         **THE DEFENDANT:**  Yes, Your Honor.
16         **THE COURT:**  You also have the right under our
17 constitution to testify in your own defense, if you chose to.
18 However, nobody can force you to testify.  You have the right
19 to remain silent.  If you choose not to testify, your refusal
20 will never be held against you.
21         Do you understand those rights?
22         **THE DEFENDANT:**  Yes, Your Honor.
23         **THE COURT:**  You also have the right to present
24 evidence, and you can issue subpoenas from the Court, which
25 would require witnesses to attend to testify in your defense.

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1  However, if you did not present any evidence at all, that fact
2  cannot be held against you.

3          Do you understand all of those rights?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  Do you also understand that once you
6  enter a plea of guilty and I accept it, then there will be no
7  trial in your case, and you will have given up, not only your
8  right to a trial, but all the other rights that go along with a
9  trial I have just reviewed with you?

10         **THE DEFENDANT:**  Yes, Your Honor.

11         **THE COURT:**  Do you understand that if I do accept
12 your plea of guilty, it is highly unlikely that the decision
13 will ever be reversed?

14         **THE DEFENDANT:**  Yes.

15         **THE COURT:**  Now, at this time I want to review with
16 you the elements of the charges to which you are intending to
17 plead guilty.

18         If you were to require the government to proceed with
19 a trial in this case, it would be required to prove the
20 following elements of these offenses beyond a reasonable doubt
21 to a jury of 12.  All 12 would have to agree as to each and
22 every element before you could be found guilty.  That's the
23 burden that the government bears.  So at this time I want to
24 review with you the elements of the offense.

25         In the superseding indictment in Count One, Object

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

One, the government charges and would be required to prove the
following beyond a reasonable doubt:

That from in or about 2009, continuing up to and
including in or about 2011, you conspired to commit a drug
offense where two or more persons reached an agreement to
undertake conduct that would constitute the offense. That is,
to knowingly or intentionally distribute 5 kilograms or more of
a mixture and substance containing a detectable amount of
cocaine hydrochloride, a Schedule II controlled substance
within the meaning of Title 21, United States Code, Section
812, in violation of Title 21, United States, Section
841(a)(1).

The government must also prove beyond a reasonable
doubt that you knew of the conspiracy and that you knowingly
and voluntarily participated in it.

As to the bill of information, the government charges
a violation of Title 31, United States Code, Section
5332(a)(1), and the government would be required to prove the
following beyond a reasonable doubt:

That from in or about 2010, you transported into or
out of the United States, that is, the government charges from
the United States to Mexico, more than $10,000 in currency or
other monetary instruments. The government charges here
approximately $1 million in U.S. currency. The government must
also prove that you knowingly concealed the currency --

USA v. Ider Matos -- Plea hearing -- 1/23/2014

1          **THE DEFENDANT:**  No.

2          **THE COURT:**  -- or monetary instruments on your

3   person, in a conveyance, article of luggage, merchandise, or

4   other container.  Here, the government charges in a

5   semi-tractor-trailer truck, and the government must prove that

6   you intended to evade a currency reporting requirement under

7   Section 5316, Title 31, of the U.S. Code.

8          **MS. HAIRSTON:**  Your Honor, I think the actual

9   information that has been filed removed the reference to the

10  specific amount of $1 million.  We simply allege that the

11  defendant -- that it was an amount in excess of $10,000.

12         And also, Your Honor, our theory as to this offense

13  is that the defendant aided and abetted this offense under 18

14  U.S.C. Section 2.

15         **THE COURT:**  All right.  Let me read the elements

16  again because -- as to the bill of information because the

17  government has clarified something.  The government would be

18  required to prove the following:

19         From in or about 2010, you transported into or out of

20  the United States, and the government charges that you

21  transported from the United States to Mexico, more than $10,000

22  in currency or other monetary instruments.  The government must

23  prove that you knowingly concealed the currency or monetary

24  instruments on your person, in a conveyance, article of

25  luggage, merchandise, or other container, that is, in a

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1 semi-tractor-trailer truck, and that you intended to evade the

2 currency reporting requirement under 5316.

3        The government does charge as well aiding and

4 abetting under Section 2 of Title 18.  To prove that, the

5 government must prove that you aided, abetted, counseled,

6 commanded, induced, or procured the commission of the offense I

7 just described, or that you willfully caused an act to be done,

8 which, if it was directly performed by you or someone else,

9 would constitute the above-described offense.

10        Do you understand the elements of each of these

11 offenses as I've read them to you now, Mr. Matos?

12        **THE DEFENDANT:**  Yes, I understand how you described

13 them, but I just had a transportation company, and I don't have

14 any control over what people send.  They would give me

15 furniture, TV, a car.  They'd pay me, and I take it.

16        **THE COURT:**  All right.

17    (Mr. Broadie conferred with the defendant.)

18        **THE DEFENDANT:**  Okay.  Now I understand.

19        **THE COURT:**  All right.  Let me back up.  Do you

20 understand the elements of Count One, Object One, that is, the

21 conspiracy to distribute 5 kilograms or more of cocaine?

22        **THE DEFENDANT:**  Yes.

23        **THE COURT:**  Do you understand the elements of the

24 bill of information, that is, bulk cash smuggling, and the

25 charge of aiding and abetting that offense under Section 2 of

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1  Title 18 of the U.S. Code?

2          **THE DEFENDANT:**  Yes, I do understand.  Yes, I do

3  understand.

4          **THE COURT:**  All right.  And how do you plead to each

5  of these offenses?

6          **THE DEFENDANT:**  Guilty.

7          **THE COURT:**  To be clear, as to Count One, Object One,

8  of the indictment, how are you pleading?

9          **THE DEFENDANT:**  Guilty.

10          **THE COURT:**  As to the bill of information, how are

11  you pleading?

12          **THE DEFENDANT:**  On this charge, I didn't have any

13  control over it, but I am guilty because I did carry those

14  things.

15          **THE COURT:**  Mr. Matos, it's not clear to me by what

16  you are telling me what you mean.  So I am going to ask you, as

17  to the bill of information, a few more questions.

18          The bill of information charges aiding and abetting

19  bulk cash smuggling in the United States.  Do you understand

20  that, sir?

21          **THE DEFENDANT:**  Yes.

22          **THE COURT:**  And the offense of bulk cash smuggling

23  has as its elements that from in or about 2010 you or someone

24  transported in and out of the United States more than $10,000

25  in currency and that the person who did that knowingly

USA v. Ider Matos  —— Plea hearing  —— 1/23/2014

1 concealed the currency or monetary instruments on his or her

2 person, in a conveyance, article of luggage, merchandise, or

3 other container.  The government charges here it was in a

4 semi-tractor-trailer truck, and that the person intended to

5 evade a currency reporting requirement under Section 5316.

6          Do you understand those elements?

7          **THE DEFENDANT:**  Oh, yes, yes, I understand that.

8          **THE COURT:**  Now, the government charges you with

9 aiding and abetting that offense.  To prove that, the

10 government would be required to prove beyond a reasonable doubt

11 to 12 jurors that you aided that offense, abetted, counseled,

12 commanded, induced or procured the commission of that offense,

13 or that you willfully caused some act to be done, which, if it

14 was directly performed by you or someone else, would constitute

15 the above-described offense.

16          Do you understand those elements?

17          **THE DEFENDANT:**  Yes, I understand.

18          **THE COURT:**  Now, as to the charge in the bill of

19 information, how do you plead?

20          **THE DEFENDANT:**  Guilty.

21          **THE COURT:**  And are you sure about that?

22          **THE DEFENDANT:**  Yes, yes, guilty.

23          **THE COURT:**  All right.  You earlier made some

24 comments about the offense.  Have you since had an opportunity

25 to talk with Mr. Broadie?

    USA v. Ider Matos  -- Plea hearing  -- 1/23/2014

1          THE DEFENDANT:  Yes, I have spoken with him, yes.

2          THE COURT:  All right.  Did you have some

3  misunderstanding before when you answered my questions, that

4  is, before you have just now answered them?

5          THE DEFENDANT:  No, it's fine.

6          THE COURT:  All right.  Are you pleading guilty to

7  both of these offenses because you are, in fact, guilty of both

8  of these offenses?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Are you sure?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you understand that by pleading guilty

13  that you are admitting the elements of each of these offenses?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  All right.  I am going to find that in

16  Case 1:13CR337-1 and 1:14CR4-1, United States of America versus

17  Ider Vazquez Matos, that the defendant is fully competent and

18  capable of entering an informed plea and that he understands

19  the nature of the charges against him and the consequences of

20  his plea, and that his plea of guilty is knowing and voluntary.

21         All right.  Now, the government I believe is

22  withholding the factual basis; is that right?

23         MS. HAIRSTON:  Yes, Your Honor.  We would ask the

24  Court to consider the offense conduct that will be in the

25  presentence report.

Case 1:13-cr-00337-TDS  Document 84  Filed 09/10/14  Page 28 of 30

| | |
|---|---|
| 1 | **THE COURT:** All right. The next step then, |
| 2 | Mr. Matos, is for the U.S. Probation Office to prepare a |
| 3 | written presentence report in your case. You will be asked to |
| 4 | provide information for the report, and Mr. Broadie may be |
| 5 | present for your interview. |
| 6 | You will be given the opportunity to review the |
| 7 | presentence report, and you and Mr. Broadie can file any |
| 8 | objections to it if you have any. Keep in mind, the government |
| 9 | has the same opportunity. If there are any objections that are |
| 10 | not resolved by the time of your sentencing hearing, then I |
| 11 | will resolve the objections at your sentencing hearing and then |
| 12 | proceed to determine a sentence in your case. |
| 13 | You will have the opportunity to speak at your |
| 14 | sentencing hearing, if you wish to, but you are not required to |
| 15 | do that; and Mr. Broadie may speak on your behalf throughout |
| 16 | the proceeding. |
| 17 | The Court directs that a written presentence report |
| 18 | be prepared. Sentencing is set for Friday, May 16, 2014, |
| 19 | 2:00 p.m. That will be here in Winston-Salem in Courtroom |
| 20 | Number 2. |
| 21 | Anything further I need to address on this matter? |
| 22 | **MR. BROADIE:** No, Your Honor. |
| 23 | **MS. HAIRSTON:** No, sir. |
| 24 | **THE COURT:** All right. We'll be in recess then. |
| 25 | (END OF PROCEEDINGS AT 11:55 A.M.) |

USA v. Ider Matos -- Plea hearing -- 1/23/2014

1  UNITED STATES DISTRICT COURT

2  MIDDLE DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Nesbit, Official Court Reporter,

7  certify that the foregoing transcript is a true and correct

8  transcript of the proceedings in the above-entitled matter.

9

10          Dated this 10th day of September 2014.

11

12

13          _____
           Briana L. Nesbit, RPR

14          Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

USA v. Ider Matos  -- Plea hearing  -- 1/23/2014