**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4513**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

IDER VAZQUEZ MATOS, a/k/a The Cuban, a/k/a I.D., a/k/a Cono, a/k/a Compa,

        Defendant – Appellant.

_____

**No. 14-4514**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

IDER VAZQUEZ MATOS, a/k/a The Cuban, a/k/a I.D., a/k/a Cono, a/k/a Compa,

        Defendant – Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00337-TDS-1; 1:14-cr-00004-TDS-1)

_____

Submitted:  April 24, 2015            Decided:  May 20, 2015

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, First Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Ider Vazquez Matos appeals his conviction and 60-month sentence imposed following his guilty plea to bulk cash smuggling and aiding and abetting, in violation of 31 U.S.C. § 5332(a)(1) (2012), 18 U.S.C. § 2 (2012), and the concurrent 130-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2012). Matos raises two arguments on appeal: (1) that the district court erred in accepting his guilty plea to bulk cash smuggling and aiding and abetting because the record failed to provide an independent factual basis for this count, and (2) that the district court abused its discretion in denying Matos' request for a downward variance and in imposing an unduly harsh sentence. Finding no reversible error, we affirm.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The court has broad discretion in determining whether a factual basis exists and may rely on anything appearing in the record. United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008). The court is not required to "satisfy itself that a jury would find the defendant guilty, or even that [the] defendant is guilty by a preponderance of the

3

evidence," but "must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001) (internal quotation marks omitted). The court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

Because Matos did not seek to withdraw his guilty plea or timely assert any infirmity in the plea colloquy, we review his challenge to the plea's factual basis for plain error. United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). To establish plain error, Matos must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Matos meets these requirements, we will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (alteration and internal quotation marks omitted).

In the guilty plea context, a defendant establishes that an error affected his substantial rights if he shows "a reasonable probability that, but for the error, he would not have entered

4

the plea." United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (internal quotation marks omitted). To meet this standard, the defendant "must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (internal quotation marks omitted).

Assuming, without deciding, that the presentence report failed to provide an adequate factual basis for Matos' plea to the bulk cash smuggling offense, we conclude Matos fails to establish that his substantial rights were affected. Rather, our review of the record in its entirety — including the presentence report and Matos' statements during the plea and sentencing hearings — establishes no reasonable probability that Matos would not have pled guilty but for the alleged error.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Because Matos does not argue that the district court committed procedural error, our review is limited to the substantive reasonableness of Matos' sentence.[*]

---

[*] The Government asserts that we lack the authority to review the sentencing court's denial of Matos' request for a below-Guidelines sentence. Because Matos sought a downward (Continued)

5

United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). A sentence must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. See 18 U.S.C. § 3553(a) (2012). In evaluating substantive reasonableness, we must consider whether, viewing the totality of the circumstances, "the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We "can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice." United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted). A within-Guidelines sentence is presumed reasonable on appeal. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Matos bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

---

variance, not a departure, we retain authority to review the court's denial of that request. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). That inquiry is encompassed in Matos' overarching argument that the court imposed an unduly harsh sentence.

6

We conclude that Matos fails to make such a showing. Matos does not demonstrate that any deficiency in the factual basis for his guilty plea had an appreciable impact on the court's sentencing calculus. The district court grounded the sentence squarely in the relevant § 3553(a) factors, including Matos' history and characteristics and the legitimate need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter others from similar conduct, and to protect the public. While Matos identified numerous mitigating facts related to his personal history and characteristics and his acceptance of responsibility, these facts are not sufficiently compelling to require a sentence lower than that imposed by the district court. Thus, Matos has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence. See Louthian, 756 F.3d at 306.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED